IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY M. OGBONNAYA

        Plaintiff,

vs.

RIVERSIDE HOSPITAL

and

GEORGE T. HUDGENS

        Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Civil Action No.: 1:07CV00404

Judge: Paul L. Friedman

## ANSWER OF RIVERSIDE HOSPITAL
## TO THE FIRST AMENDED COMPLAINT

Defendant, Riverside Treatment Services, Inc. ("RTSI"), incorrectly sued under the name Riverside Hospital, (collectively, "Riverside"), answers the First Amended Complaint and states as follows:

### INTRODUCTION

To the extent Plaintiff's introductory allegations require any response, the factual allegations contained therein are denied.

### JURISDICTION

1.     Paragraph 1 of the Amended Complaint states legal conclusions, not factual allegations and no response is required.

### PARTIES

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of the District of Columbia. Defendant denies Plaintiff's

termination was effective February 15, 2006. Defendant admits the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3.  Defendant admits that the allegations contained in Paragraph 3 of the Amended Complaint are true as to RTSI.

4.  Defendant admits that George T. Hudgens was the administrator of Riverside at the time Plaintiff was terminated, but denies the remaining allegations contained in Paragraph 4 of the Amended Complaint.

## BACKGROUND

5.  Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

6.  Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint.

7.  Defendant admits that Plaintiff applied for and was offered full-time employment as a social worker and that his initial job assignment was in the admissions department. Defendant denies the remaining allegations contained in Paragraph 7 of the Amended Complaint.

8.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9.  Defendant admits that Plaintiff was transferred from his initial assignment in the admissions department to work as a social worker in other areas of the hospital, but denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation as to what Plaintiff observed, and denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant admits that Plaintiff was transferred from his initial assignment in the admissions department to work as a social worker in other areas of the hospital, but denies the remaining allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Plaintiff was "sure" of, but admits that Plaintiff transferred from his initial assignment in the admissions department to work as a social worker in other areas of the Hospital. Defendant denies the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of what Plaintiff "honestly believed", and denies the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendant admits that Plaintiff was transferred from his initial position in the admissions department, but denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendant admits that Plaintiff complained about what he considered to be unfair treatment, but denies Plaintiff was treated unfairly or in a discriminatory manner and denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. The first Amended Complaint does not contain a Paragraph numbered 23.

24. Defendant admits the Plaintiff sometimes complained about his assignments and about Mr. Jusu, but denies the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendant admits the Plaintiff was transferred from his initial assignment in the admissions department to work as a social worker in other areas of the hospital, but denies the remaining allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendant admits Plaintiff failed to attend a treatment plan meeting on February 8, 2006 and was subsequently suspended because that was the third consecutive meeting he failed to attend. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendant admits that Plaintiff complained to Charles Picard about a remark by Ms. Cato, but denies that the remarks were as alleged and denies the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. Defendant admits that Plaintiff was suspended for leaving the hospital without notice to or permission from his supervisor, but denies the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendant admits Plaintiff's suspension was increased to three days because he left the facility without notice to or permission from his supervisor. Defendant denies the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendant admits that after Plaintiff's suspension, Plaintiff returned to the facility, another staff member collected Plaintiff's belongings, and Plaintiff was terminated for cause. Defendant denies the remaining allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendant admits that Plaintiff had 63.88 accrued hours of vacation time, but was not entitled to a payout of accrued vacation under the hospital's employment policies because he was terminated for cause. Defendant denies the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of what Plaintiff means by the "Keener Culture", and denies the remaining allegations contained in Paragraph 35 of the Amended Complaint.

### FIRST CAUSE OF ACTION
### DISCRIMINATION DUE TO RACE AND NATIONAL ORIGIN IN VIOLATION OF THE CIVIL RIGHTS ACT

36. Defendant incorporates by reference its answers to Paragraphs 1 through 35 of the Amended Complaint as fully set forth herein.

37. Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

## SECOND CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION AND DECEIT

44. Defendant incorporates by reference its answers to Paragraphs 1 through 43 of this answer as though fully set forth herein.

45. Defendant admits that Plaintiff applied for and was offered employment as a social worker and that his initial title was admission/intake coordinator, but denies the remaining allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendant admits that Plaintiff was transferred from his initial assignment in the admissions department, but denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint.

## THIRD CAUSE OF ACTION
## UNLAWFUL EMPLOYMENT TERMINATION

52. Defendant incorporates by reference its answers to Paragraphs 1 through 51 of the Amended Complaint as though fully set forth herein.

53. Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.  Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.  Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint.

56.  Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint.

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND MENTAL ANGUISH

57.  Defendant incorporates its answers to Paragraphs 1 through 56 of the Amended Complaint as though fully set forth herein.

58.  Defendant denies the allegations contained in Paragraph 58 of the Amended Complaint.

59.  Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.  Defendant denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.  Defendant denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.  Defendant denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.  Defendant denies the allegations contained in Paragraph 63 of the Amended Complaint.

### FIFTH CAUSE OF ACTION
### FALSE IMPRISONMENT

64.  Defendant incorporates its answers to Paragraphs 1 through 63 of the Amended Complaint as though fully set forth herein.

65.  Defendant admits that Plaintiff complained about what he considered to be unfair treatment, but denies that Plaintiff was treated unfairly or in a discriminatory manner and denies the remaining allegations contained in Paragraph 65 of the Amended Complaint.

66.  Defendant denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.  Defendant denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Amended Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Amended Complaint.

70. Defendant admits that after the decision to terminate Plaintiff's employment was made, a staff member gathered his personal items, but denies the remaining allegations contained in Paragraph 70 of the Amended Complaint.

71. Defendant admits that Plaintiff was escorted out of the facility after he was terminated, but denies the remaining allegations contained in Paragraph 71 of the Amended Complaint.

72. Defendant admits that, at Plaintiff's request, Mr. Picard wrote a letter dated May 25, 2005. The letter speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by the term "person of questionable character". Defendant answers that Plaintiff's formal performance appraisals speak for themselves, and further answers that Plaintiff was issued written and verbal disciplinary warnings on several occasions during his employment. Defendant denies the remaining allegations contained in Paragraph 72 of the Amended Complaint.

73. Defendant admits that, on occasion, Plaintiff may have been complimented by superiors for his work, but denies the remaining allegations contained in Paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Amended Complaint.

### SIXTH CAUSE OF ACTION
### UNPAID BENEFITS

76. Defendant incorporates by reference its answers to Paragraphs 1 through 75 of the Amended Complaint as though fully set forth herein.

77.   Defendant admits that, at Plaintiff's request, Mr. Picard wrote a letter dated May 25, 2005. The letter speaks for itself. Defendant admits that Plaintiff had not exhausted his vacation hours at the time he was terminated, but denies the remaining allegations contained in Paragraph 77 of the Amended Complaint.

78.   Defendant denies the allegations in contained in Paragraph 78 of the Amended Complaint.

79.   Defendant denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.   Defendant admits the allegations contained in the first sentence of Paragraph 80 of the Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 80 of the Amended Complaint.

81.   Defendant denies the allegations contained in Paragraph 81 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's termination was justified.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state any cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was not detained against his will.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was not entitled to payment of accrued vacation upon termination for cause.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statue of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies.

WHEREFORE, Riverside requests that:

A. The Amended Complaint be dismissed with prejudice.

B. That Riverside be awarded its attorney's fees and costs incurred in defending this action, and;

C. That the Court award such other and further relief as it deems appropriate.

/s/
Charles R. Bacharach
D.C. Bar No. 448842
Gordon, Feinblatt, Rothman,
  Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland 21202
410/576-4169
FAX: 410/576-4292
cbacharach@gfrlaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2007, a copy of the foregoing Answer of Riverside Hospital to the First Amended Complaint was filed electronically and mailed, first class, postage prepaid to Anthony Ogbonnaya, 622 Rittenhouse Street, N.W., Washington, D.C. 20011 and Norman T. Robinson, Esq., 405 16th Street, S.E., Washington, D.C. 20003.

/s/
Charles R. Bacharach